**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000812
28-JAN-2014
11:04 AM**

NO. CAAP-12-0000812

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE INTEREST OF
V.G.

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-J NO. 0089867)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Reifurth and Ginoza, JJ.)

Defendant-Appellant V.G. appeals from the September 28, 2011 "Decree RE: Law Violation Petition(s)" of the Family Court of the First Circuit[1] (family court).

On appeal, V.G. contends there was no substantial evidence to support the family court's finding that he was a law violator as to the sexual assault in the third degree charge (Hawaii Revised Statutes (HRS) § 707-732(1)(b) (Supp. 2012)), in that he did not knowingly make sexual contact with the complaining witness (CW).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude V.G.'s appeal is without merit.

---

[1] The Honorable Matthew J. Viola presided.

HRS § 707-732(1)(b) provides that "[a] person commits the offense of sexual assault in the third degree if . . . [t]he person knowingly subjects to sexual contact another person who is less than fourteen years old or causes such a person to have sexual contact with the person[.]" HRS § 707-700 (Supp. 2012) defines "Sexual contact" as

> any touching, other than acts of "sexual penetration," of the sexual or other intimate parts of a person not married to the actor, or of the sexual or other intimate parts of the actor by the person, whether directly or through the clothing or other material intended to cover the sexual or other intimate parts.

The test on appeal in reviewing the legal sufficiency of the evidence is whether, when viewing the evidence in the light most favorable to the government, substantial evidence exists to support the conclusion of the trier of fact. State v. Pone, 78 Hawai'i 262, 265, 892 P.2d 455, 458 (1995).

The evidence, in the light most favorable to the government, was that while CW was on his back, V.G. straddled CW and squatted up and down over CW's face such that V.G.'s clothed penis touched CW's forehead. The incident began when V.G. was chasing CW around the field. CW became tired, stopped running, sat down, and laid on his back. CW believed V.G. would stop chasing him. V.G. stood over CW with his feet on either side of CW and "said suck it or something like that[,]" and began "squatting up and down." CW felt V.G's shorts touch him and felt V.G.'s penis on his forehead.

V.G's conduct of straddling CW, squatting up and down over CW's head, telling CW to "suck it," and touching CW's forehead with his clothed penis infers V.G. was aware of what he was doing. The evidence demonstrated V.G's intent to engage in conduct which resulted in his clothed penis touching CW's forehead. Unlike the horseplay involved in State v. Silver, 125 Hawai'i 1, 249 P.3d 1141 (2011), the testimony and context in this case established sufficient evidence to support the family court's determination that V.G. violated HRS § 707-732(1)(b).

Therefore,

IT IS HEREBY ORDERED that the September 28, 2011 "Decree RE: Law Violation Petition(s)" of the Family Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, January 28, 2014.

On the briefs:

Hayley Y.C. Cheng
(on the opening brief)
and
Harrison L. Kiehm
(on the reply brief)
for Defendant-Appellant.

James M. Anderson
Deputy Prosecuting Attorney,
City and County of Honolulu
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

3